UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| IVY L. FORD, | ) | NO. ED CV 04-1537-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JO ANNE B. BARNHART, COMMISSIONER | ) | **AND ORDER OF REMAND** |
| OF SOCIAL SECURITY ADMINISTRATION, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS
HEREBY ORDERED that Plaintiff's and Defendant's motions for summary
judgment are denied and this matter is remanded for further
administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on December 22, 2004, seeking
review of the Commissioner's denial of benefits.  The parties filed a
consent to proceed before a United States Magistrate Judge on
February 18, 2005.

1    Plaintiff filed a motion for summary judgment on July 5, 2005.
2    Defendant filed a motion for summary judgment on August 12, 2005.
3    The Court has taken both motions under submission without oral
4    argument.  See L.R. 7-15; "Order," filed January 7, 2005.
5
6                              **BACKGROUND**
7
8    Plaintiff alleges disability beginning February 1, 2001, based
9    on, inter alia, asserted mental impairments (Administrative Record
10   ("A.R.") 89, 446, 497).  In a report dated December 1, 2003, a
11   treating psychiatrist opined Plaintiff's alleged post-traumatic
12   stress disorder, depressive disorder and anxiety disorder deprived
13   Plaintiff of the ability to: sustain repetitive tasks for an extended
14   period; maintain a sustained level of concentration; or complete a
15   40-hour work week without decompensating (A.R. 497).  In November 1,
16   2002, a different treating psychiatrist previously opined Plaintiff
17   then could not work either full time or part time (A.R. 446).
18
19   The Administrative Law Judge ("ALJ") rendered two decisions
20   denying benefits (A.R. 9-15, 44-51).  The latter decision
21   incorporated the former decision by reference (A.R. 12).  Neither
22   decision mentioned specifically the December 1, 2003 opinions
23   described above.  The ALJ's decisions rejected the November 1, 2002
24   opinions as "not supported by any objective findings" and as
25   "inconsistent with the treatment notes" (A.R. 49).  The Appeals
26   Council remanded the case following the ALJ's first decision, but
27   denied review after the second (A.R. 4-6, 57-59).
28   ///

1

**STANDARD OF REVIEW**

2

3        Under 42 U.S.C. section 405(g), this Court reviews the

4  Commissioner's decision to determine if: (1) the Commissioner's

5  findings are supported by substantial evidence; and (2) the

6  Commissioner used proper legal standards.  <u>See</u> <u>Swanson v. Secretary</u>,

7  763 F.2d 1061, 1064 (9th Cir. 1985).

8

9                           **DISCUSSION**

10

11       A treating physician's conclusions "must be given substantial

12  weight." <u>Embrey v. Bowen</u>, 849 F.2d 418, 422 (9th Cir. 1988); <u>see</u>

13  <u>Rodriquez v. Bowen</u>, 876 F.2d 759, 762 (9th Cir. 1989) ("the ALJ must

14  give sufficient weight to the subjective aspects of a doctor's

15  opinion . . .  This is especially true when the opinion is that of a

16  treating physician") (citation omitted).  Even where the treating

17  physician's opinions are contradicted,[1] "if the ALJ wishes to

18  disregard the opinion[s] of the treating physician he . . . must make

19  findings setting forth specific, legitimate reasons for doing so that

20  are based on substantial evidence in the record." <u>Winans v. Bowen</u>,

21  853 F.2d 643, 647 (9th Cir. 1987) (citation, quotations and brackets

22  omitted); <u>see Rodriquez v. Bowen</u>, 876 F.2d at 762 ("The ALJ may

23  disregard the treating physician's opinion, but only by setting forth

24  specific, legitimate reasons for doing so, and this decision must

25  itself be based on substantial evidence") (citation and quotations

26  ────────────────

27       [1]   Rejection of an uncontradicted opinion of a treating
physician requires a statement of "clear and convincing" reasons.
28  <u>Smolen v. Chater</u>, 80 F.3d 1273, 1285 (9th Cir. 1996); <u>Gallant v.</u>
<u>Heckler</u>, 753 F.2d 1450, 1454 (9th Cir. 1984).

3

1  omitted); McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989)

2  ("broad and vague" reasons for rejecting the treating physician's

3  opinions do not suffice); Embrey v. Bowen, 849 F.2d at 421 ("To say

4  that medical opinions are not supported by sufficient objective

5  findings or are contrary to the preponderant conclusions mandated by

6  the objective findings does not achieve the level of specificity our

7  prior cases have required . . .").

8

9       In the present case, the ALJ erred by failing even to mention

10  the above-described December 1, 2003 opinions. Id. The ALJ also

11  erred by rejecting without further inquiry the above-described

12  November 1, 2002 opinions. The ALJ failed to specify any alleged

13  inconsistency between the November 1, 2002 opinions and the

14  "treatment notes." Moreover, to the extent the ALJ believed those

15  opinions insufficiently supported by "objective findings," the ALJ

16  should have attempted to recontact the treating physician before

17  rejecting the opinions. See 20 C.F.R. § 404.1512(e) (the

18  Administration "will seek additional evidence or clarification from

19  your medical source when the report from your medical source contains

20  a conflict or ambiguity that must be resolved, the report does not

21  contain all of the necessary information, or does not appear to be

22  based on medically acceptable clinical and laboratory diagnostic

23  techniques."); Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996)

24  ("If the ALJ thought he needed to know the basis of Dr. Hoeflich's

25  opinions in order to evaluate them, he had a duty to conduct an

26  appropriate inquiry, for example, by subpoenaing the physicians or

27  submitting further questions to them. He could also have continued

28  the hearing to augment the record") (citations omitted); see also

4

1  Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983) ("the ALJ has a

2  special duty to fully and fairly develop the record and to assure

3  that the claimant's interests are considered").[2]

4

5      When a court reverses an administrative determination, "the

6  proper course, except in rare circumstances, is to remand to the

7  agency for additional investigation or explanation."  INS v. Ventura,

8  537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is

9  proper where, as here, additional administrative proceedings could

10  remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d

11  599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d

12  1496, 1497 (9th Cir. 1984).

13

14      The Ninth Circuit's decision in Harman v. Apfel, 211 F.3d 1172

15  (9th Cir.), cert. denied, 531 U.S. 1038 (2000) ("Harman") does not

16  compel a reversal rather than a remand of the present case.  In

17  Harman, the Ninth Circuit stated that improperly rejected medical

18  opinion evidence should be credited and an immediate award of

19  benefits directed where "(1) the ALJ has failed to provide legally

20  sufficient reasons for rejecting such evidence, (2) there are no

21  outstanding issues that must be resolved before a determination of

22  disability can be made, and (3) it is clear from the record that the

23  _____

24      [2]  Defendant argues that any error in addressing the
   November 1, 2002 report was harmless because the report opined

25  disability would end less than 12 months after November 1, 2002.
   Actually, the temporal scope of the opinion is uncertain.  The

26  report erroneously specified the probable ending date of the
   condition to be six months prior to the beginning date of the

27  condition (A.R. 446).  On remand, the intendment of the physician
   can be clarified.  The then prospective opinion also might be

28  revised on remand, in light of Plaintiff's actual experience in the
   year following November 1, 2002.

1  ALJ would be required to find the claimant disabled were such

2  evidence credited." Harman at 1178 (citations and quotations

3  omitted).  Assuming, arguendo, the Harman holding survives the

4  Supreme Court's decision in INS v. Ventura, 537 U.S. 12, 16 (2002),[3]

5  the Harman holding does not direct reversal of the present case.

6  Here, the Administration must contact at least one of the treating

7  physicians concerning "outstanding issues that must be resolved

8  before a determination of disability can be made."  Further, it is

9  not clear from the record that the ALJ would be required to find

10  Plaintiff disabled for the entire claimed period of disability were

11  the opinions of either or both treating physicians credited.

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25

26

27      [3]    The Ninth Circuit has continued to apply Harman despite

28  INS v. Ventura.  See Benecke v. Barnhart, 379 F.3d 587, 595 (9th
    Cir. 2004).

**CONCLUSION**

For all of the foregoing reasons,[4] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  August 22, 2005.


_____
/S/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[4]      The Court has not reached any other issue raised by Plaintiff except insofar as to determine that Plaintiff's arguments in favor of reversal rather than remand are unpersuasive.